# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN GAUEN, Ed.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: |
| ) | |
| BOARD OF EDUCATION OF THE ) | JURY TRIAL DEMANDED |
| HIGHLAND COMMUNITY UNIT ) | |
| SCHOOL DISTRICT NO. 5 ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve: ) | |
| Stanley Eisenhammer ) | |
| Hodges, Loizzi, Eisenhammer, Rodick & ) | |
| Kohn LLP ) | |
| 401 SW Water Street, Suite 106 ) | |
| Peoria, Illinois 61602 ) | |

## COMPLAINT

COMES NOW Plaintiff Karen Gauen, Ed. D., and for her Complaint of employment discrimination in pay on the basis of her sex, states as follows:

### Common Allegations

1. The Court has jurisdiction of this matter under 28 U.S.C. 1331 and 1343, 42 U.S.C. 2000e-(f)(3) (Title VII of the 1964 Civil Rights Act, as amended) and 42 U.S.C. 206(d) (Equal Pay Act). The facts underlying the federal claims also give rise to claims under state law, 820 ILCS 112 (Illinois Equal Pay Act of 2003) over which this Court has supplemental jurisdiction.

2. Venue is proper.

1

3. Plaintiff Karen Gauen, Ed.D. (hereafter Dr. Gauen) is a citizen of the State of Illinois who has been continuously employed by defendant School Board of the Highland Community Unit School District No. 5 since 1993.

4. Defendant School Board of the Highland Community Unit School District No. 5 (hereafter Highland) is a political subdivision of the State of Illinois located in Madison County, Illinois, possesses all the usual powers of a corporation for public purposes and in that name may sue and be sued, and is an employer within the meaning of Title VII, the EPA and the Illinois EPA.

5. Dr. Gauen has satisfied all conditions precedent to this lawsuit in that:

    a. she timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on August 19, 2015, and

    b. filed this lawsuit within 90 days of her receipt of the Equal Employment Opportunity Commission December 11, 2015 Notice of Right to Sue.

6. Dr. Gauen has at all times performed her duties and responsibilities in a competent manner.

7. During Dr. Gauen's entire tenure with Highland since 1993, she has been employed at the secondary level, and has been employed at the high school for at least the last eighteen years.

8. In the school year 2012-2013, Highland promoted Dr. Gauen to Assistant Principal of the high school.

9. In the school year 2013-2014, Highland promoted Dr. Gauen to Principal of the high school.

10. Throughout Dr. Gauen's tenure as Assistant Principal and Principal of the high school, Highland has paid her less than men Highland employed as Assistant Principal and Principal of the high school.

11. Highland's conduct in setting Dr. Gauen's pay lower than men was based in part on her sex.

12. Plaintiff Dr. Gauen was the only administrator in the Highland District to have earned National Board Certification at the time Highland promoted her to Assistant Principal.

13. At the time Highland promoted her to Assistant Principal, Dr. Gauen had already earned two Masters Degrees and a Doctorate in Educational Administration.

14. Dr. Gauen was the only administrator with a Doctorate in Educational Administration until 2015, when another administrator earned that educational distinction.

15. At all relevant times, Highland has had no merit pay plan, no seniority pay plan, nor any published pay guidelines or standards in use for setting or changing pay for its administrators.

**Assistant Principal**

16. Highland published the vacancy for the position of Assistant Principal in 2012, along with the qualifications for the position.  Dr. Gauen applied for the job in accordance with the published announcements.

17. The vacancy announcement for the Assistant Principal position sought a person with "experience in education/administration," and did not specify any particular number of years, nor any preference for experience in one or the other.

18. When Defendant Highland promoted Plaintiff Dr. Gauen from a teaching position to Assistant Principal in the 2012-2013 school year, it lowered her daily pay.  Before her

promotion, as a teacher in 2011-2012, Highland paid her $77,885.72 in base annual pay for a 180 day contract ($432.70 per day). After promoting her to Assistant Principal, Highland paid her a base annual salary of $79,000.00 for a 260 day contract ($303.85 per day).

19. On information and belief, before it promoted Dr. Gauen to Assistant Principal, Highland did not lower the daily pay of any man it promoted from teacher to an administrative position as Assistant Principal.

20. Highland paid Plaintiff Dr. Gauen less as Assistant Principal than it paid the two men who were Assistant Principals at the high school before her promotion. Neither of these men has two Masters Degrees, a Doctorate in Educational Administration, or National Board Certification. Dr. Gauen has more experience in education than both these male administrators.

21. Defendant Highland promoted Plaintiff from Assistant Principal to Principal the following year, 2013-2014, and hired a man, Christopher Becker, to fill the Assistant Principal position she vacated. Highland paid Mr. Becker $11,000.00 per year more in base pay than it had paid Dr. Gauen in base pay to do the same Assistant Principal job Dr. Gauen had just vacated.

22. Mr. Becker did not have a Doctorate in Educational Administration, nor did he have National Board Certification, nor did he hold two Masters Degrees. He had fewer years of experience in education than Dr. Gauen.

23. Defendant Highland promoted teacher Caleb Houchins to Assistant Principal for the 2015-2016 school year, and moved him from a 180 day contract at an annual base salary of $55,400 ($307.78 per day) to a 260 day contract at an annual base pay of $70,000 ($269.23 per day). His increase in base pay was $14,600, or more than 26.3% gross increase in annual base pay. Defendant Highland promoted teacher Dr. Gauen to Assistant Principal for the 2012-2013,

and moved her from a 180 day contract at $77,885.72 base pay to a 260 day contract as Assistant Principal at $79,000.00 base pay, an increase of $1,114.28, or a 1.4% gross increase in base pay annually.

24. Superintendent Sutton told Mr. Houchins, in Dr. Gauen's presence that his new salary was just about his daily rate of pay as a teacher, and then turned to Dr. Gauen and said "Of course, I can't do that for everyone." Highland treated Dr. Gauen differently and less well than Houchins, a male who had fewer years teaching experience, fewer and lower educational achievements, no National Board Certification and an as-yet incomplete administrative Degree. If Highland had given Dr. Gauen the same treatment it gave Mr. Houchins when it promoted him to Assistant Principal, that is, an increase of 26.3% in base pay, her base salary would have increased from $77,885.72 to $98,369.66, rather than the $79,000 Highland paid her.

25. After promoting him to Assistant Principal, Highland paid Mr. Houchins a base daily rate of $269.23, which was $35.55 (12.5%) less than the base daily rate it paid him as a teacher ($307.78). After promoting her to Assistant Principal, Highland paid Dr. Gauen a base daily rate of $303.85, which was $128.85 (29.8%) less than it paid her as a teacher ($432.70).

**Principal**

26. Highland published the vacancy for the position of Principal in 2013, along with the qualifications for the position. Dr. Gauen applied for the job in accordance with the published announcements.

27. The vacancy announcement for the Principal position listed the qualifications sought as follows:

- Proven record of dynamic educational leadership, including excellent interpersonal and communication skills with students, staff and parents

- Knowledge of curriculum and instruction
- Successful teaching/administrative background
- Ability to be part of an effective management team
- Strong knowledge of school facilities management
- Ability to produce an effective school climate
- Ability to face the challenges caused by growing enrollment

28. The announcement specified that salary is "Competitive with area administrative salaries and experience. Multi-year contract may be offered. Highland Community School District residency required."

29. Highland did not interview Dr. Gauen for the Principal vacancy. Highland interviewed the other candidates, all male.

30. The Highland High School Faculty Council recommended Dr. Gauen for promotion, and thereafter, Highland promoted her from Assistant Principal to Principal.

31. Another candidate for Principal was Christopher Becker, an applicant from outside the district. The Faculty Council did not recommend him for the Principal position. Highland did not hire Becker as Principal, but instead promoted Dr. Gauen.

32. Highland, by Superintendent Michael Sutton, hired Mr. Becker as Assistant Principal without posting the job or allowing other qualified candidates to apply and interview.

33. On information and belief, Mr. Sutton told Mr. Becker that he will become high school Principal when Dr. Gauen retires.

34. Dr. Gauen was the first woman ever to hold the position of Principal at the high school.

35. Defendant Highland paid the male Principal Dr. Gauen replaced, Derek Hacke, a base salary of at least $25,000.00 per year more than it paid her to do the same job. Mr. Hacke had 17 fewer years of education experience than Dr. Gauen. He did not have two Masters Degrees, National Board Certification or a Doctorate in Educational Administration.

36. Defendant Highland has also paid Dr. Gauen less as Principal at the high school than it pays men who hold lower level and less responsible jobs, including as Assistant Principal. In 2013-2014, Highland hired one of Dr. Gauen's Assistant Principals, Mr. Becker, and paid him a base salary of $90,000.00 per year, while it paid Dr. Gauen a base salary of $89,000.00 a year.

37. Mr. Becker is one of two Assistant Principals at the high school, both reporting directly to Dr. Gauen and supervised directly by Dr. Gauen at all relevant times.

38. Mr. Becker's Assistant Principal position has less responsibility than Dr. Gauen's Principal position.

39. Mr. Becker's Assistant Principal position requires less effort than Dr. Gauen's Principal position.

40. Mr. Becker's Assistant Principal position requires less skill than Dr. Gauen's Principal position.

41. Mr. Becker has fewer years of education experience than Dr. Gauen.

42. Mr. Becker does not have a Doctorate in Education Administration, does not have National Board Certification and does not have two Masters Degrees.

43. Defendant Highland's practice, until Plaintiff Dr. Gauen became high school Principal, was to pay the high school Principal (a position that had been held only by males) more than the Assistant Superintendent and more than the Principals of the middle and elementary schools. Highland did not follow its past practice when it promoted Dr. Gauen, the first woman ever to hold the high school Principal position.

44. Assistant Superintendent Derek Hacke, in a discussion with Dr. Gauen about her salary, said that high school principals usually earn more than Assistant Superintendents, and are often the second highest paid administrator in the district, below the Superintendent.

45. Superintendent Michael Sutton told Dr. Gauen that he knew that Mr. Becker, when given the high school Principal job after Dr. Gauen retires, would not work as Principal for what Highland is paying Dr. Gauen. He told Dr. Gauen that he would be able to pay Mr. Becker more to be Principal than he pays Dr. Gauen.

46. Defendant Highland offered the male Principal who preceded Dr. Gauen, Derek Hacke, a multi-year contract.

47. Defendant Highland offered Dr. Gauen's male Assistant Principal, Mr. Becker, a multi-year contract.

48. Defendant Highland did not offer Dr. Gauen a multi-year contract either as Assistant Principal or Principal.

49. Dr. Gauen has repeatedly sought to address the pay inequities she alleges herein with Defendant's Superintendent, Michael Sutton. She told Mr. Sutton that Highland was paying her $89,000 per year base pay as Principal but paying her male Assistant, Chris Becker, $90,000 per year base pay and that this was not fair. Mr. Sutton told her she could take it or leave it.

50. Dr. Gauen returned to Mr. Sutton with her pay concerns, and attempted to provide him with a spreadsheet of pay information. The spreadsheet showed both the pay of Principals and Assistant Principals in other nearby Illinois school districts, and the pay of the men in the job before her. It showed that the male Assistant Principal at the high school, Steve Lanxon, was paid $94,570 in 2012-2013 base pay, $23,000 less than the male Principal, Derek Hacke, even though Mr. Lanxon had five more years of experience than Mr. Hacke. Mr. Sutton told her he was not interested.

51. Dr. Gauen returned to Mr. Sutton again in October, 2014, and provided him with a letter she wrote about her pay concerns. Mr. Sutton told her he would not disagree with her

8

statements in her letter, but that I told you before. Take it or leave it. He also said that if she did not want it, she did not have to do the job.

52. Under Mr. Sutton as Superintendent, Highland has selected only three women as administrators: Dr. Gauen, Ms. Cindy Tolbert, an elementary school Principal, and Ms. Pam Tyler, the District's Director of Special Education. Highland pays Tolbert less than any other principal and less than any other assistant principal in the district.

53. When Dr. Gauen complained to Mr. Sutton that he was paying her newly-hired male assistant more than he was paying her, Superintendent Sutton told her it would do her no good to try to convince him to adjust her salary. He said that Ms. Tyler had recently complained she was paid less than every other Special Education Director in the region, and he wouldn't change her salary either.

54. Highland cut the daily base pay of the two female teachers it promoted to administrative positions (Assistant Principal and Elementary Principal), Dr. Gauen and Ms. Tolbert, by a greater percent than it cut the daily base rate of pay of the male it promoted to the administrative position of Assistant Principal, Caleb Houchins.

55. Highland's conduct has caused and will continue to cause Dr. Gauen to lose pay and other benefits of employment, including retirement benefits.

56. Defendant's conduct has caused Plaintiff to experience humiliation, upset, embarrassment, non-diagnosed emotional distress, inconvenience, and loss of enjoyment of life.

57. Defendant's conduct was undertaken knowingly, willfully, maliciously or with reckless indifference to Plaintiff's protected rights.

## COUNT I – Title VII

58. Plaintiff Dr. Gauen incorporates by reference the allegations contained in paragraph 1-53.

59. Defendant is an employer within the meaning of Title VII.

60. Defendant's conduct constitutes sex discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e **et seq.**

### COUNT II – Equal Pay Act (EPA)

61. Plaintiff Dr. Gauen incorporates by reference the allegations contained in paragraph 1-53.

62. Defendant Highland is an employer and enterprise within the meaning of the Equal Pay Act.

63. The positions Plaintiff Dr. Gauen and males held as Assistant Principal and Principal at the high school are performed in the same facility, under the same or similar working conditions and the work of each position requires the same skill, effort and responsibility.

64. Defendant's conduct in paying Dr. Gauen less than men as Assistant Principal and Principal violates the Equal Pay Act, 29 U.S.C. §206(d).

65. Defendant's conduct is and was willful.

### COUNT III – Illinois Equal Pay Act of 2003

66. Plaintiff Dr. Gauen incorporates by reference the allegations contained in paragraph 1-38.

67. Defendant Highland is an employer within the meaning of the Illinois Equal Pay Act of 2003, 820 ILCS 112/5.

68. Defendant's conduct in paying Dr. Gauen less than men as Assistant Principal and Principal is a violation of the Illinois Equal Pay Act of 2003, 820 ILCS 112.

69. This action is brought within 5 years from the date of the underpayments alleged herein as required by the 820 ILCS 112/30(a).

WHEREFORE, Plaintiff demands judgment in her favor and all relief to which she is entitled, including actual, compensatory, punitive and liquidated damages, equitable relief,

attorneys' fees and the costs of this litigation, and such other relief as this Court finds shall be appropriate in the circumstances.

Respectfully Submitted,

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

 */s/ Donna L. Harper*
Benjamin F. Westhoff, #53047
2711 Clifton Avenue
St. Louis, MO 63139
314/773-3566
314/773-3615 (fax)

dharper@sedeyharper.com