**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KAREN GAUEN,                  )

                             )

           Plaintiff,          )

                             )

           vs.                 )     Case No.  3:16 CV 207 DRH/RJD

                             )

BOARD OF EDUCATION HIGHLAND   )

COMMUNITY UNIT SCHOOL         )

DISTRICT NO. 5,               )

                             )

           Defendant.      )

## <u>MEMORANDUM AND ORDER</u>

**DALY, Magistrate Judge:**

      This matter comes before the Court on the discovery dispute conference held on January 24, 2017.  (Doc. 22.)  The parties discussed the scope of the deposition of Defendant's corporate representative.   On February 26, 2016, Plaintiff commenced this action, alleging gender discrimination in violation of Title VII of the Civil Rights Act, violation of the Equal Pay Act, and violation of the Illinois Pay Act of 2003.  (Doc. 1.)  On December 1, 2016, Plaintiff provided Defendants with a Fed. R. Civ. P. 30(b)(6) notice for a corporate representative deposition and further informed Defendants regarding the topics of the testimony sought.   On December 22, 2016, Defendant objected to the topics on several grounds.  Defendant requested a discovery dispute conference to request a protective order, and Plaintiff requested sanctions for failing to produce the witness at the deposition, scheduled for January 19, 2017.  On January 24, 2017, the Court held a discovery dispute conference.  The arguments focused on Defendant's objections that Plaintiff sought duplicative or cumulative testimony and that Plaintiff sought testimony concerning attorney work product and defense strategy.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c). Additionally, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  "The party seeking a protective order has the burden to show good cause for it."  *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003).  "Whether to enter a protective order is within the sound discretion of the court."  *Id.*

Defendant objects that the proposed topics are unreasonably cumulative and duplicative of the previously taken depositions of the superintendent, assistant superintendent, and business manager and the documents produced to date.  Plaintiff responds that testimony has differed between deponents and from pleadings and that the deponents' testimony indicates a lack of knowledge or memory regarding certain topics.  Plaintiff further responds that a corporate representative deposition is necessary to require a deponent to gather information in preparation for the deposition and to bind Defendant to a single set of facts.

"A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide binding answers on behalf of the corporation."  *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008).  "Under Rule 30(b)(6) an entity has a duty to prepare its deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know."  *Integra Bank Corp. v. Fid. & Deposit Co. of Maryland*, 2014 WL 109105, at *2 (S.D. Ind. 2014).  The Court has not

reviewed the transcripts of the prior depositions, but Defendant has thus far not agreed to bind itself to the superintendents' deposition testimony and does not dispute that the deponents confessed a lack of knowledge or memory regarding certain topics.  At the conference, the parties noted discussions about narrowing the scope of the deposition by agreeing to bind Defendant to the superintendent's testimony at least in part, and the Court encourages the parties to do so.  However, at this time, the Court concludes that the corporate representative deposition would not be unreasonably cumulative or duplicative.

Defendant objects that Plaintiff seeks testimony concerning attorney work product and defense strategy.  For example, Plaintiff has requested testimony regarding the "[f]actual basis for Defendant's denial of Paragraph 10, 17, 19, 24, 25, 29, 38-40, 43, 50, and 54) and "[f]actual Basis underpinning Defendant's First Affirmative defense."  "Courts have split [on] whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories." *Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, 2015 WL 4393896, at *4 (E.D. Wis. 2015) (collecting cases).

The Court recognizes that the topics as written may encompass legal strategy and are fairly construable as a substitute for contention interrogatories.  To the extent Plaintiff seeks the equivalent of contention interrogatories, the Court agrees with courts who have held that "contention interrogatories are a better discovery vehicle for that kind of information than a Rule 30(b)(6) deposition."  *See Clauss Constr. v. UChicago Argonne LLC*, 2015 WL 191138, at *4 (N.D. Ill. 2015).  However, the topics could also be construed as merely setting forth the fact allegations as topics for deposition.  Upon review of the pleadings, the cited complaint allegations are fact allegations, and the affirmative defense includes fact allegations, stating, "Specifically, it is the District's practice to determine and establish administrator salaries based

upon, among other things, a candidate's prior administrative experience and seniority in the position."

Accordingly, Defendant's request for a protective order is granted in part and denied in part.  Plaintiff may depose the corporate representative regarding the substance of the factual allegations set forth in the pleadings but cannot merely ask the corporate representative what facts support Defendant's pleadings.  Stated otherwise, Plaintiff should refrain from framing questions as contention interrogatories.  For instance, Plaintiff may ask questions about Defendant's methodology in establishing administrative salaries but should not ask for a recitation of the factual bases for asserting the First Affirmative Defense or denying related allegations in the complaint.

Defendant further objects that the topics are not specific and reasonably limited in scope and time.  Neither the parties' filings nor the discovery dispute conference focused on these objections.  Upon review of the relevant topics, the Court perceives no unreasonable lack of specificity or inappropriately broad requests and – unless additional information is provided – cannot find good cause for a protective order with respect to these objections.  The Court also notes Defendant's proposed stipulation regarding Topics 7 and 8 and encourages the parties to engage in further discussions to further narrow the scope of the deposition.

Plaintiff requests that the Court sanction Defendant for failing to appear at the Rule 30(b)(6), including costs for the court reporter and in briefing this discovery dispute.  The Court agrees that the better practice is to obtain a protective order or a stay pending a protective order before the date of the deposition.  *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *Cima v. WellPoint Health Networks, Inc.*, 2008 WL 746916, at *4 (S.D. Ill. 2008).  However, the Court finds sanctions unwarranted at this time, considering that Defendant

moved for a protective order before the date of the deposition and Defendant's failure to produce the witness is an isolated incident.  *See* Fed. R. Civ. P. 37(d)(2) (a failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order.")

## **CONCLUSION**

Based on the foregoing, Defendant's Motion for a Protective Order is GRANTED in part and DENIED in part.  Plaintiff may proceed with the 30(b)(6) deposition but must refrain from framing questions as contention interrogatories.


**SO ORDERED.**

**DATED:**  **January 30, 2017.**


*s/        Reona J. Daly*
**UNITED STATES MAGISTRATE JUDGE**

5