IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KAREN GAUEN, Ed.D.,**

**Plaintiff,**

v.                                                                           No. 16-0207-DRH-RJD

**BOARD OF EDUCATION OF THE
HIGHLAND COMMUNITY UNIT
SCHOOL DISTRICT NO. 5,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendant's motion for summary judgment and reply (Docs. 27 & 36). Obviously, plaintiff opposes the motion (Doc. 31). Based on the applicable case law, the record and the following, the Court denies the motion for summary judgment.

On February 26, 2106, Karen Gauen, filed suit against the Board of Education of the Highland Community Unit School District ("Board") for employment discrimination on the basis of sex, 42 U.S.C. § 2000e-(f)(3) (Count I –

Title VII), 42 U.S.C. 206(d) (Count II – Equal Pay Act) and 820 ILCS 112 (Count III – Illinois Equal Pay Act of 2003). Basically, Gauen alleges the Board paid her less compensation for her services as principal and assistant principal than her male counterparts. The Board filed its answer and affirmative defenses on April 26, 2016 (Doc. 6). Thereafter, the Board filed its motion for summary judgment and Gauen filed her opposition. As the motion is ripe, the Court turns to address the merits of the motion.

## Facts[1]

Dr. Karen Gauen currently is employed as the principal of the Highland High School, a position she has held for the past four school years, from the start of the 2013-2014 school year. Previously, Gauen was employed as the assistant principal at Highland High School for the 2012-2013 school year. Before these positions, she was employed as an educator, including a classroom teacher, for more than thirty-five years. She had no relevant administrative experience as either assistant principal or principal prior to those jobs. She has worked for the Highland school district for over twenty-four years, mostly at the high school. Gauen has a doctorate in Education Administration. At the time she was promoted to assistant principal, she was the only administrator in the District to have earned National Board Certification. In total, Gauen has over 40 years of experience in the education field.

Gauen applied for assistant principal for the 2012-2013 school year after she

---

1 For the most part, the facts are not in dispute.

saw the opening that the District posted. The Superintendent of the District, Michael Sutton, selected Gauen to be assistant principal. As assistant principal for one year, Gauen's salary was $79,000 plus an additional $1,000 for having the National Board Certification. Barry Thomas, Gauen's predecessor for assistant principal, made $105,349 (after subtracting the 12.57% increase he received for retirement) the year before Gauen became assistant principal. At the time of his retirement, Thomas had twenty-six years of administrative experience. Steve Lanxon, another assistant principal at the same time as Gauen was, made $95,527. Lanxon also served as the Athletic Director for the District. At this time, Lanxon had seventeen years of prior administrative experience as assistant principal at Highland High School. Lanxon retired at the end of the 2014-2015 school year and he made $102,767.

Thereafter, the District posted the vacancy for principal for the 2013-2014 school year. Gauen applied for the position. Three male applicants for the position were interviewed for the position; while Gauen was not interviewed for the position. The District hired Gauen as principal. For the 2013-2014 school year, Gauen's salary was $89,000 annual base plus $1,000 for having the National Board Certification. Gauen's current annual base salary is $103,977. She has a total of four years of administrative experience. Gauen lived in the District when she was hired as assistant principal and principal.

Derek Hacke, Gauen's predecessor as principal, made $107,825 (after deducting $10,000 in salary he got as a substitute for health insurance) the year

before Gauen became principal. Hacke became principal at the start of the 2009-20100 school year. At the time of his hire, Hacke had nine years of administrative experience as both assistant principal and principal at a high school. His starting salary as principal at Highland High School was $100,000 annual base salary (after deducting $10,000 in salary he got as a substitute for health insurance). In order to accept the principal position at Highland High School, Hacke had to move his family from Roxana Community School District No. 1to the District.

Subsequently, the District hired Chris Becker to fill the 2013-2014 assistant principal position vacated by Gauen.[2] Prior to this, Becker had eight years of administrative experience as a high school assistant principal. Becker's salary as assistant principal was $90,000 annual base salary. In order to accept the assistant principal job at the Highland High School, Becker had to move his family from Chatham, Illinois.

The job posting for the principal position states this in part:

**Qualifications:**

Proven record of dynamic educational leadership, including excellent interpersonal and communication skills with students, staff, and parents

Knowledge of curriculum and instruction

Successful teaching/administrative background

Ability to be part of an effective management team

Strong knowledge of school facilities management

---

2 Becker also applied for the 2013-2014 principal position.

>Ability to produce an effective school climate
>
>Ability to face the challenges caused by growing enrollment
>
>**Certification**: Must hold or be eligible for Type 75 administrative certificate in the State of Illinois

(Doc. 27-7).

## Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter,* 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey,* 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), the Seventh Circuit instructed district courts to "stop separating 'direct' from 'indirect' evidence and proceeding as if they were subject to different standards." *Id*. at 765.

The test "is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Id*. The Seventh Circuit reiterated that burden shifting frame work created by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), "is a means of organizing, presenting, and assessing circumstantial evidence in frequently recurring factual patterns found in discrimination cases." *David v. Board of Trustees of Community College District No. 508*, 846 F.3d 216, 224 (7th Cir. 2017)(citing *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016))(observing that a "prima facie case in Title VII litigation … refers to a common, but not exclusive, method of establishing a triable issue of intentional discrimination"). However, "*McDonnell Douglas* is not the only way to assess circumstantial evidence of discrimination. In adjudicating a summary judgment motion, the question remains: has the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination?" *David*, 846 F.3d at 224 (citations omitted).

First, the Court must address whether Gauen has established a prima facie case of discrimination and then assess cumulatively all the evidence presented by Gauen to determine whether it permits a reasonable factfinder to determine that her smaller salary was attributable to her gender.

## **Analysis**

Here, the Board argues that it is entitled to summary judgment as it is the school district's practice to determine and establish administrator's salaries based upon, among other things, a candidate's prior administrative experience and seniority in the position and not based on gender. Specifically, the Board maintains that Gauen cannot show that she was treated less favorable than similarly situated male employees and that the Board provided a legitimate non-discriminatory reason for the salary discrepancies as the decision is based primarily upon administrative experience. Thus, the Board maintains that Gauen cannot establish a prima facie case under either Title VII or the EPA claims.

Guaen counters that she was paid less than her male counterparts because she is a female. She contends that she repeatedly sought an explanation from Sutton. Specifically, on one occasion she asked Sutton why she was paid less than Becker and that Sutton replied that she was a "hometown girl" and "could not expect to get as much as a man moving his family." Further, she argues that on other occasions when she complained about her lower pay to her male counterparts, Sutton told her" "Take it or leave it.  You can go somewhere else." She further maintains that the District's explanation surfaced for the first time after Gauen filed an EEOC charge of pay discrimination against the District.

Equal Pay Act Claims[3]

---

3 The Court considers both the Federal and the Illinois Equal Pay Act claims together. Similar to the Federal Equal Pay Act, the Illinois Equal Pay Act prohibits employers from discriminating between

The Equal Pay Act provides in part:

> No employer … shall discriminate … between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions….

29 U.S.C. § 206(d)(1). To state a claim for such discrimination under the Act, a plaintiff must show: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Warren v. Solo Cup Co.,* 516 F.3d 627, 629 (7th Cir. 2008) (quoting *Stopka v. Alliance of Am. Insurers,* 141 F.3d 681, 685 (7th Cir. 1998)). Additionally, to determine if the work that Gauen did was equal to the work that a male employee did, "the crucial inquiry is whether the jobs to be compared have a common core of tasks[;] i.e., whether a significant portion of the two jobs is identical." *Cullen v. Ind. Univ. Bd. of Trustees,* 338 F.3d 693, 698 (7th Cir. 2003) (quotation marks and citation omitted). If a plaintiff establishes a prima facie case, the burden shifts to the defendant to show by a preponderance of the evidence that the pay disparity "is due to one of four factors. These factors are (1) a seniority system, (2) a merit system,

---

employees based on sex by paying lower wages for the same or substantially similar work, requiring equal skill, effort, and responsibility, and which are performed under similar conditions, except when such payment is made under a seniority system, merit system, a system that measures earnings by quantity or quality of production, or similar differential not based on sex. See 820 ILCS 112/10(a); 29 U.S.C. § 206(d). Further, there is no legal authority suggesting that the two statutes should be analyzed differently.

(3) a system which measures earnings by quantity or quality of production or (4) any other factor other than sex." 29 U.S.C. § 206(d)(1)(i)-(iv); *Fallon v. State of Illinois*, 882 F.2d 1206, 1211 (7th Cir. 1989).[4] "These are affirmative defenses on which the employer bears the burden of proof (persuasion)." *Fallon*, 882 F.2d at 1211; *King v. Acosta Sales and Marketing, Inc.*, 678 F.3d 470, 474 (7th Cir. 2012).

Here, the Court finds that Gauen has made out a prima facie case under the EPA. In fact, defendants do not dispute this. The evidence is clear that higher wages were paid to male employees, that the duties and responsibilities of the principal and assistant principal are the same no matter who is performing those positions and that the work was performed under the similar working conditions at Highland High School.

Defendant maintains that it has shown that the pay disparity is attributable to "any factor other than sex" in that it is the District's practice to determine and establish administrator's salaries based upon a candidate's prior administrative experience and seniority in the position. Specifically, defendant maintains that the record supports the District's explanation for the pay disparity and that it is bolstered by the fact the Gauen did not have administrative experience as either an assistant principal or principal. Despite this explanation for the pay disparity, the Court finds that a reasonable jury could conclude that Gauen was paid less because of her gender. First, a jury could find Sutton's comment that she was a "hometown

---

4 "The Equal Pay Act creates a type of strict liability in that no intent to discriminate need to be shown." *Fallon*, 882 F.2d at 1213 (quoting *Patkus v. Sangamon-Cass Consortium*, 769 F.2d 1251, 1260 n.5 (7th Cir. 1985)).

girl" and "could not expect to get as much as a man moving his family" to be discriminatory in nature. Further, there is evidence of pay discrimination in the treatment of Gauen in relation to Becker. He was passed over as principal; hired as assistant principal and paid more as assistant principal than Gauen was paid a principal. Gauen was picked to be principal despite the fact that she had *less* prior administrative experience than Becker did. This evidence alone contradicts the District's claim that it attached decisive importance to prior administrative experience in evaluating the ability, and therefore the pay, of administrative personnel. Moreover, a year later as assistant principal Becker was paid $11,000 more than Guaen was paid as assistant principal. Clearly, there are genuine issues of material fact that preclude summary judgment on the EPA claims.

### Title VII claim

Generally speaking, under *McDonnell Douglas*, the plaintiff has the initial burden of establishing that "(1) she is a member of a protected class, (2) she performed reasonably on the job in accord with her employer['s] legitimate expectations, (3) despite her reasonable performance, she was subjected to an adverse employment action, and (4) similarly situated employees outside of her protected class were treated more favorably by the employer." *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014) (internal quotation marks omitted), overruled on other grounds by *Ortiz*, 834 F.3d at 765. "If the plaintiff satisfies that burden, then the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action, at which point the burden shifts back to the

plaintiff to submit evidence that the employer's explanation is pretextual." *Id*. Although previously the Seventh Circuit noted that "[i]t is somewhat unclear what standard guides the determination of a prima facie case of disparate pay under Title VII," *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 433 (7th Cir. 2005), in a more recent case, the Seventh Circuit applied the standard *McDonnell Douglas* framework for evaluating disparate pay claims under Title VII and the ADEA, see *Warren v. Solo Cup Co.*, 516 F.3d 627, 630 (7th Cir. 2008). Consequently, that will provide the basis for analyzing Gauen's Title VII claim

There is no question that Gauen is a member of a protected class, that she was performing her job in an acceptable manner, and that she was being paid less than he male counterparts. Thus, the Court must focus therefore on whether her counterparts were similarly situated to Gauen. The Seventh Circuit observed that whether employees are similarly situated is a "flexible, common-sense, and factual" inquiry. *David*, 846 F.3d at 225 (citation omitted). Relevant factors include "whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications – provided the employer considered these latter factors in making the personnel decision." *Id*. (quoting *Warren*, 516 F.3d at 631)(quoting *Bio v. Fed. Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005)). Courts are looking for comparators, not "clone[s]." *Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 916 (7th Cir. 2010); *see also Crawford v. Indiana Harbor Belt R.R. Co.*, 461 F.3d 844, 846 (7th Cir. 2006) (the

question is whether "members of the comparison group are sufficiently comparable to [the plaintiff] to suggest that [the plaintiff] was singled out for worse treatment").

Whether a comparator is similarly situated is "usually a question for the fact-finder," and summary judgment is appropriate only when "no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Srail v. Village of Lisle*, 588 F.3d 940, 945 (7th Cir.2009). There must be "enough common factors … to allow for a meaningful comparison in order to divine whether intentional discrimination was at play." *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th

In assessing all the evidence and based on the reasoning above, it is clear that a reasonable jury could conclude that any pay disparity was the result of Gauen's gender and that the pay disparity was not based on the District's asserted reasons. As to the similarly situated prong, the Court finds that there are questions of material fact that preclude summary judgment. Gauen and her male counterparts held the same jobs; Gauen and her male counterparts were subject to the same standards; and Gauen and her male counterparts were subordinate to the same supervisor. However, as to comparable experience, education and other qualifications, the Court finds that there are questions of material fact as whether the District considered these factors in making the personnel decision. Thus, the Court finds that summary judgment is not warranted.

## **Conclusion**

Accordingly, the Court **DENIES** the motion for summary judgment (Doc. 27).

The Court **SETS** this matter for Final Pretrial Conference on August 9, 2017 at 11:00 a.m. Further, the Court **DIRECTS** the parties to contact Magistrate Judge Daly's chambers if a settlement conference would be beneficial at this time.

**IT IS SO ORDERED.**

Signed this 5th day of July, 2017.

Digitally signed by Judge
David R. Herndon
Date: 2017.07.05
15:47:34 -05'00'

**United States District Judge**