IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KAREN GAUEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | No. 3:16-CV-00207 |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| HIGHLAND COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 5, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF IT**

Plaintiff Karen Gauen brought this lawsuit alleging that she was paid a lower salary than her male counterparts by the Defendant Highland School District in violation of the federal Equal Pay Act, the Illinois Equal Pay Act, and Title VII. She asks the Court to bar any evidence of, or reference to, the following categories of evidence at any time during the trial of the case.

**1. Email of EEOC Investigator**

Dr. Gauen anticipates that the school district will offer into evidence the statement of an EEOC investigator in an email to her counsel which suggests that she does not have a valid claim of pay discrimination with regard to the position of Principal. See Exhibit 1. Such evidence is clearly inadmissible for several reasons.

First, the assertion of the EEOC employee is an out-of-court statement offered for its truth and, as such, must be excluded from the trial as hearsay. See F.R.Evid. 801(c). Notably, the employee's view was never adopted by the EEOC itself because it never made any final determination, one way or the other, concerning the merits of Dr. Gauen's administrative charge. See Exhibit 2. Under these circumstances, the EEOC employee's assertion does not fall within

1

the investigative findings exception to the ban on hearsay. **Silverman v. Bd. of Educ. of Chicago**, 637 F.3d 729, 733 n.1 (7th Cir. 2011).

Second, the assertion of the EEOC investigator concerning the validity of Dr. Gauen's claim of unequal pay has no probative value and, even if it did, would be substantially outweighed by the danger of unfair prejudice to Dr. Gauen. See F.R.Evid. 402 and 403. The remark was not based on a careful review of the evidence because the EEOC did not conduct any meaningful investigation into the claim. See Exhibit 2. Furthermore, there is a real risk that the jury will give undue weight to the view of an employee of the EEOC, the federal agency charged with enforcing the anti-discrimination laws, and defer to it. See generally **Silverman**, 637 F.3d at 732-733.

Finally, the EEOC investigator's opinion about Dr. Gauen's claim of pay discrimination is just that -- an opinion – that will not assist the jury in deciding this case. **Hester v. BIC Corp.**, 255 F.3d 178, 185 (2d Cir. 2000) (opinion of a witness that the defendant did not discriminate against the plaintiff is not helpful to the jury because it can decide for itself, based on the evidence presented to it, whether this is true or not).

### 2. Conduct by Non-Decisionmakers

Defendant is expected to offer evidence at trial that two school administrators in the mid-1990s and the early 2000s (namely, Barry Thomas and Pat Schwarm) were paid higher salaries than two other school administrators in the same positions who had less administrative experience (namely, Steve Lanxon and Marvin Warner). See Deft's Memorandum in Support of Summary Judgment at pp. 18-19.

Such evidence is clearly irrelevant. The key decisionmaker in this case is Superintendent Sutton who set Dr. Gauen's salary for the positions of Principal and Assistant Principal at a

2

lower level than her male colleagues. It is undisputed that Sutton had nothing to do with the pay-setting decisions for the four school administrators in the mid-1990s and the early 2000s for the simple and excellent reason that he did not come to the Highland School District until 2008. See Exhibit 3. As a result, those decisions reveal nothing about his state of mind, which is the only pertinent issue before the jury. The Seventh Circuit has warned that trial judges have "no business" admitting the conduct of non-decisionmakers in employment discrimination cases because it contradicts "simple common sense." **Staub v. Proctor Hosp.**, 560 F.3d 647, 658 (7th Cir. 2009), rev'd on other grounds, 562 U.S. 411 (2011); **Hunt v. City of Markham**, 219 F.3d 649, 652 (7th Cir. 2000).

### 3. Salary of Caleb Houchins

Defendant wants to tell the jury that Superintendent Sutton made a decision to pay a lower salary to one of the male Assistant Principals, Caleb Houchins, than he paid to Dr. Gauen when she was an Assistant Principal. But he made this decision after Dr. Gauen accused him of sex discrimination when he had an incentive to modify his behavior to counter the charge against him. As a result, evidence of Sutton's pay decision with regard to Houchins lacks sufficient probative value to be admissible.

It commonly happens that an employer will take adverse action against a minority employee but then, when the employee registers a complaint of unlawful discrimination, will take favorable action on behalf of a minority employee. Such conduct is sufficiently suspect that federal appellate courts have ruled that evidence of it should be barred from trial. "Given the obvious incentive in such circumstances for an employer to take corrective action in an attempt to shield itself from liability, it is clear that nondiscriminatory employer actions occurring subsequent to the filing of a discrimination complaint will rarely even be relevant as

3

circumstantial evidence in favor of the employer." **Chuang v. Univ. of California Davis**, 225 F.3d 1115, 1129 (9th Cir. 2000).

Other appellate decisions bring home the same truth. See, e.g., **Patterson v. Strippoli**, 639 Fed. Appx. 137, 143 (3d Cir. 2016); **Gonzales v. Police Dept.**, 901 F.2d 758, 762 (9th Cir. 1990); see also **Int. Brotherhood of Teamsters v. U.S.**, 431 U.S. 329, 341-42 (1977).

Superintendent Sutton did not make the decision to pay Houchins a lower salary than Dr. Gauen until after she had already complained to him, on multiple occasions, that he was discriminating against her by paying her less compensation than her male counterparts. See Exhibit 4. Sutton's salary decision as to Houchins has little tendency, most likely no tendency at all, to prove that his salary decision as to Dr. Gauen was non-discriminatory. Indeed, evidence of it will only serve to confuse and mislead the jury, diverting its attention from far more probative evidence submitted by the parties. Under the cited authority, it must be excluded from the trial of the case. **Pieszak v. Glendale Med. Ctr.**, 112 F. Supp 2d 970, 989 (C.D. Cal. 2000).[1]

### 4. Amount of Plaintiff's Base Pay

One of the school district's most persistent illusions is that Dr. Gauen was paid the same base salary to be Principal, $90,000, as her subordinate, Chris Becker, was paid to be Assistant Principal. In reality, she was paid less -- a base salary of $89,000 plus a stipend of $1,000 for a National Board Certification which Becker and other administrators lacked. See Deft's Ex. 1, ¶ 12 to its Motion for Summary Judgment. Courts have uniformly held that "the ordinary meaning of base salary excludes . . . certification pay . . . [and] education incentive pay." See, e.g., **Bowers v. High Point**, 451 S.E.2d 413, 422 (N.C. 1994). Given that the proper characterization

---

[1] If Defendant is not allowed to present any evidence regarding Houchins, then Dr. Gauen will not present any evidence regarding him either. See Pltf's Amended Memorandum in Opposition to Defendant's Motion for Summary Judgment at p. 18.

4

of Dr. Gauen's base salary is a question of law, which has a clear answer under the case law, it should be answered ahead of trial -- and in Dr. Gauen's favor.

### 5. Defendant's Financial Condition

Defendant may attempt to introduce evidence at trial that, as a school district, it has limited financial resources and that any award of damages to Dr. Gauen would harm innocent students. Such evidence, of course, would be highly improper. Victims of discrimination do not have to apologize for seeking compensation for the wrongs done to them just because it may put a crimp in the budgets of their employers, which in this case would be relatively small since the Highland School District receives over $24,000,000 in direct revenues every year.

Federal courts in the Seventh Circuit as well as state courts in Illinois have declared, repeatedly and forcefully, that evidence concerning the financial condition of a party is inadmissible because it can lead jurors to refrain from returning a verdict against it out of a misplaced concern for its economic well-being. "Any attempts to invoke juror sympathy by referring to the relative wealth or poverty of the parties are improper." **Isbell v. Crane**, 74 F. Supp. 3d 893, 898 (N.D. Ill. 2014), citing **Adams Labs v. Jacobs Eng'g**, 761 F.2d 1218, 1226 (7th Cir. 1985); see also **Rush Univ. Med. Center v. Minn. Mining and Mfg. Co.,** 2009 U.S. Dist. LEXIS 91189 at * 8 (N.D. Ill. Oct. 1, 2009); **Scheibel v. Groeteka**, 538 N.E. 2d 1236, 1251 (Ill. App. 1989) (reference to a party's financial status can be "so harmful and prejudicial as to [result] in the return of an improper verdict"). Given this body of case law, any evidence concerning the financial status of the Highland School District must be excluded from the jury's consideration.

It should be noted that Dr. Gauen is not asserting a claim for punitive damages against the school district which might make its financial condition relevant. **Kemezy v. Peters,** 79 F.3d

5

33, 36 (7th Cir. 1996). Punitive damages are not allowed against any defendant under the federal Equal Pay Act and the Illinois Equal Pay Act, and they are not allowed against any governmental defendant, such as the school district, under Title VII.

>SEDEY HARPER WESTHOFF
>Attorneys for Plaintiff
>
>*/s/ John D. Lynn*
>
>John D. Lynn, #30064MO
>2711 Clifton Ave.
>St. Louis, MO 63139
>314/773-3566
>314/773-3615 (fax)
>jlynn@sedeyharper.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, the foregoing document was served via the Court's Electronic Filing System upon the following counsel of record:

C. Frazier Satterly
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
401 SW Water Street, Suite 106
Peoria, IL  61602

>*/s/ John D. Lynn*

6