IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**KAREN GAUEN, Ed.D.,**

**Plaintiff,**

v.  No. 16-0207-DRH-RJD

**BOARD OF EDUCATION OF THE
HIGHLAND COMMUNITY UNIT
SCHOOL DISTRICT NO. 5,**

**Defendant.**


**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Pending before the Court are several motions in limine filed by the parties: (1) plaintiff's motion in limine (Doc. 44); defendant's motion in limine No. 1 to exclude evidence of future pension losses (Doc. 45) and defendant's motion in limine No. 2 to exclude evidence of other bad acts (Doc. 46). As the motions are ripe, the Court rules as follows.

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine,* which requests the court's guidance on what evidence will (or

will not) be admitted at trial. *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.* and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir . 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi,* 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce,* 469 U.S. at 41, 105 S.Ct. 460. Rulings *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

First, Gauen moves to exclude evidence of a statement of an EEOC investigator in an email to her counsel which suggests she does not have a valid claim of pay discrimination with regard to the position of Principal. She contends this evidence is inadmissible because it is hearsay, it has no probative value and is unfairly prejudicial and it will not assist the jury in deciding this case. The Court agrees with Gauen that this evidence is hearsay. Thus, the Court grants this

portion of plaintiff's motion in limine.

Next, Gauen moves to exclude evidence that two school administrators in the mid-1990s and early 2000s, Barry Thomas and Pat Schwarm, were paid higher salaries than two other school administrators with the same positions who had less administrative experience, Steve Lanxon and Marvin Warner. Gauen argues that this evidence should be excluded because it is irrelevant. Defendant counters that this evidence is highly probative of its defense to plaintiff's claims. The Court disagrees with plaintiff and finds that this evidence is relevant. The defendant notes that ultimately the school board is the decision maker on salaries. Thus, the Court denies this portion of plaintiff's motion in limine.

Also, Gauen moves to exclude evidence that Superintendent Sutton made a decision to pay [recommend] a lower salary to one of the male Assistant Principals, Caleb Houchins, than was paid to her when she was an Assistant Principal. Gauen maintains that this evidence lacks sufficient probative value to be admissible. The Court finds this evidence relevant and admissible. Moreover, Houchins was hired as Assistant Principal in March 2015 five months prior to Gauen filing her EEOC charge on August 18, 2015. Thus, the Court finds no reason to exclude this evidence. Thus, the Court denies this portion of plaintiff's motion in limine.

Further, Gauen moves to exclude evidence regarding the actual rate of her base pay because it is a matter of law for the Court to determine in advance of trial. The Court disagrees. This is not a question of law and the jury should be allowed to hear evidence on this clearly relevant issue. Thus, the Court denies this portion

of plaintiff's motion in limine.

Lastly, plaintiff moves to exclude evidence at trial that defendant has limited financial resources and that any award to Gauen would harm innocent students. Gauen contends that this evidence is highly improper. Defendant concedes that it will not argue or mention to the jury an award would harm innocent students. Thus, the Court denies as moot that portion of plaintiff's motion in limine. However, the Court notes that defendant is not precluded from introducing budgetary evidence insofar as salary decisions are concerned.

Additionally, defendant moves in limine to exclude evidence of future pension losses. Defendant argues that in this case future pension losses are not recoverable as a matter of law because Gauen will be made whole by Teachers Retirement System ("TRS") for any required credit or adjustment to future pension earnings based upon a judgment awarding back pay. Gauen counters that the motion should be denied as this evidence is crucial to her right to be made whole. The Court agrees with defendant. It appears that pursuant to Section 1650.360 of Title 80 of the Illinois Administrative Gauen will be made whole by the TRS if she obtains a judgment awarding back pay. If necessary, the Court will enter an order requiring defendant to make the contributions should the evidence support it. Thus, the Court grants this motion in limine.

Lastly, defendant moves in limine to exclude evidence of other bad acts. Specifically, defendant moves to exclude evidence of other female employees in the district, Hilary Wagenblast, Susie Kronk, and Deanna Dobbs, who were allegedly

paid less or treated differently on the basis of her their sex.  Defendant maintains that any evidence as to these women should be excluded as irrelevant, are of no consequence in determining this action and bear no plausible relation to the issues of the case. Further, defendant maintains that this type of evidence is highly prejudicial.  Plaintiff opposes the motion as to Ms. Wagenblast arguing evidence that Michael Sutton discriminated against Ms. Wagenblast is probative of whether Mr. Sutton also discriminated against plaintiff.[1]  The Court agrees with plaintiff and denies the motion in limine as to Ms. Wagenblast.  This evidence regarding Ms. Wagenblast's application process for the Assistant Principal in 2015 is relevant to the issues at bar and will allow the jury to make a permissible inference regarding discriminatory animus by Mr. Sutton if it so chooses. *See Hasan v. Foley & Lardner*, 552 F.3d 520, 529 (7th Cir. 2008)("'behavior toward or comments directed at other employees in the protected group' is one type of circumstantial evidence that can support an inference of discrimination" (citation omitted)); *Hitchcock v. Angel Corps Inc.,* 718 F.3d 733, 740 (7th Cir. 2013).  Thus, the Court denies in part the motion in limine as to Ms. Wagenblast and denies as moot in part the motion in limine as Ms. Kronk and Ms. Dobbs.

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiff's motion in limine (Doc. 44); **GRANTS** defendant's motion in limine No 1, motion to exclude evidence of future pension loss (Doc. 45) and **DENIES in part** and **DENIES**

---

1 Additionally, plaintiff notes that she will not introduce any evidence concerning either Ms. Kronk or Ms. Dobbs.

**as moot** in part defendant's motion in limine No. 2, to exclude evidence of other bad acts (Doc. 46).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.18
12:14:57 -06'00'

**United States District Judge**