IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN GAUEN,

Plaintiff,

v.                                                          No. 16-0207-DRH

BOARD OF EDUCATION OF THE
HIGHLAND COMMUNITY UNIT
SCHOOL DISTRICT NO. 5,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction

Pending before the Court is defendant's *Daubert* motion and motion in limine to exclude, or in the alternative limit, the expert testimony of Dr. Rebecca Summary (Doc. 47). Plaintiff opposes the motion (Doc. 49).1 Based on the following, the Court denies the motion. As noted in previous Orders, Gauen alleges that the Board paid her less compensation for her services as principal and

---

1 The Court notes that plaintiff argues that the Court need not address the motion because it is untimely pursuant to the Court's case management procedures. While plaintiff is correct in that the motion was not filed as timely as the Court prefers, the Court will still entertain the motion.

assistant principal than her male counterparts in violation of Illinois' Equal Pay Act, the federal Equal Pay Act, and Title VII of the Civil Rights Act of 1964.[2]

**<u>Legal Standard</u>**

"A district court's decision to exclude expert testimony is governed by Federal Rules of Evidence 702 and 703, as construed by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)." *Brown v. Burlington Northern Santa Fe Ry. Co.,* 765 F.3d 765, 771 (7th Cir. 2014); *see also Lewis v. Citgo Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009). Rule 702, governing the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"In short, the rule requires that the trial judge ensure that any and all expert testimony or evidence admitted "is not only relevant, but reliable." *Manpower, Inc. v. Ins. Co. of Pa.* 732 F.3d 796, 806 (7th Cir. 2013) *(citing Daubert,* 509 U.S. at 589, 113 S.Ct. 2786); *see also Bielskis v. Louisville Ladder, Inc.,* 663 F.3d 887, 894 (7th Cir. 2011) (explaining that ultimately, the expert's opinion "must be

---

2 The parties are aware of the specific allegations and facts contained in this lawsuit. Thus, the Court need not recite them again in this Order as they are not necessary to the resolution of the motion.

reasoned and founded on data [and] must also utilize the methods of the relevant discipline"); *Lees v. Carthage College,* 714 F.3d 516, 521 (7th Cir. 2013) (explaining the current version of Rule 702 essentially codified *Daubert* and "remains the gold standard for evaluating the reliability of expert testimony"). The *Daubert* principles apply equally to scientific and non-scientific expert testimony. *See Manpower, Inc.,* 732 F.3d at 806 (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147–49, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

Under the expert-testimony framework, courts perform the gatekeeping function of determining whether the expert testimony is both relevant and reliable prior to its admission at trial. *See Manpower, Inc.,* 732 F.3d at 806; *Lees,* 714 F.3d at 521; *United States v. Pansier,* 576 F.3d 726, 737 (7th Cir. 2009) ("To determine reliability, the court should consider the proposed expert's full range of experience and training, as well as the methodology used to arrive [at] a particular conclusion."). In doing so, courts "make the following inquiries before admitting expert testimony: first, the expert must be qualified as an expert by knowledge, skill, experience, training, or education; second, the proposed expert must assist the trier of fact in determining a relevant fact at issue in the case; third, the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and fourth, the expert must have reliably applied the principles and methods to the facts of the case." *Lees,* 714 F.3d at 521–22; *see also Stollings v. Ryobi Techs., Inc.,* 725 F.3d 753, 765 (7th Cir. 2013); *Pansier,* 576 F.3d at 737.

A district court's evaluation of expert testimony under *Daubert* does not "take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.,* 689 F.3d 802, 805 (7th Cir. 2012) (citing *Daubert,* 509 U.S. at 596). Once it is determined that "the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id.*

Furthermore, Rule 403 states:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### Analysis

Defendant maintains that Dr. Summary's opinions do not meet the minimum requirements for expert testimony;[3] that her methodology and factual basis for her opinions are unsound, and that her opinions will not assist the trier of fact. Plaintiff opposes the motion arguing that defendant is confusing liability issues with damage issues and that Dr. Summary's testimony goes to the important issues of the decline of her future pension due to unlawful discrimination.

---

[3] Defendant also argues that Dr. Summary cannot offer an opinion as to whether Gauen was the victim of pay discrimination. In response, Plaintiff states that Dr. Summary has not and will not opine on any issues reserved for the jury, including whether defendant paid plaintiff a lower salary than her male counterparts on account of her gender. Thus, this issue is moot.

Dr. Summary has a B.S., with honors, from Eastern Illinois University (1975); a M.A., Economics, from Eastern Illinois University (1976) and a Ph.D., Economics, from the University of Illinois in Urbana-Champaign (1983). Currently, she is a professor and chairperson of the Department of Economics at the Department of Economics and Finance at Southeast Missouri State University. In addition, since 1999, she is a forensic economist consultant for her own company. She has authored/co-written many publications from 1982 to 2015 and has participated in various professional presentations from 1985 to 2011 in the field of economics. Reviewing Dr. Summary's qualifications, it appears that she has extensive experience in the field of economics. Further, defendant does not seem to question her qualifications.

In preparing her report, Dr. Summary noted that the purpose of the report: "The purpose of this report is to present the value of economic losses sustained by Dr. Karen Gauen as a result of employment discrimination in pay on the basis of her sex. Dr. Gauen's past losses are calculated from the school year 2012/13 through 2015/16 and have no reduction for present value. Dr. Gauen's future losses are calculated from the school years 2016/17 through retirement, and are reduced to present value." (Doc. 45-3, p. 6; Dr. Summary's Report, p. 1). In rendering her opinion, Dr. Summary considered the employment records and compensation records for Dr. Gauen and others employed in the Highland school district. She also looked at those same records for other individuals employed in the surrounding school districts as well.

Here, the Court rejects defendant's arguments and finds that pursuant to Rule 702 there is scientific basis for Dr. Summary's opinions. Dr. Summary's specialized training and extensive experience in the economic field provides sufficient basis for her to offer her opinions. After reviewing this motion, the Court finds that this motion, out of the hundreds if not thousands of "*Daubert*" motions the Court has had to endure over the years, is the most disingenuous one the Court has read. Defendant essentially is simply arguing there is a different way to do this; and since defendant does not agree with plaintiff's method, plaintiff's method must be excluded. A difference of opinion does not make it excludable. Thus, the Court concludes that these matters, however, go to the weight and/or credibility the trier of fact should give to Dr. Summary's opinions, not to their admissibility. In fact, Federal Rule of Evidence 703 provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." FED.R.EVID. 703. "Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—with-out first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination." FED.R.EVID. 705. The Court finds that defendants may cross examine Dr. Summary on why it feels her method is flawed and may cross examine Dr. Summary to point out any discrepancies as to the correctness of Dr. Summary's opinions based upon facts Dr. Summary may or may not know.

## Conclusion

Accordingly, the Court **DENIES** defendant's and motion in limine to exclude, or in the alternative limit, the expert testimony of Dr. Rebecca Summary (Doc. 47).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
15:54:12 -06'00'

**United States District Judge**